IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHIVAL NILESH VYAS,

          Plaintiff,

v.                                         CIVIL ACTION NO. 3:25-0261

KRISTI NOEM,
in her official capacity as Secretary of the
U.S. Department of Homeland Security;
TODD LYONS,
in his official capacity as Acting Director of
U.S. Customs and Immigration Enforcement; and
PAMELA BONDI,
in her official capacity as Attorney General
of the United States,

          Defendants.

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff's Motion for Temporary Restraining Order, ECF No. 4. For the reasons that follow, the Court **GRANTS** the Motion.

**BACKGROUND**

Plaintiff Shival Vyas is a Marshall University student who is scheduled to graduate with a master's degree on May 10, 2025. Pl.'s Decl., ECF No. 4-2. A citizen of India, Vyas received an F-1 student visa to pursue his education in West Virginia. *Id.* When he applied for this visa, he disclosed that he had a previous misdemeanor conviction in the United States and, as a result, was subjected to additional scrutiny before he was allowed to enter the United States. *Id.* Since he

entered the country in 2023, he has not been arrested, charged with a crime, or even issued a speeding ticket. *Id.*

Despite this, on April 8, 2025, Vyas received an email from the U.S. Consulate General in India informing him that his visa had been revoked based on "additional information [that] became available after [his] visa was issued." Pl.'s Decl. ¶ 9. The next day, he received notice from Marshall University that his SEVIS record was terminated.[1] *Id.* ¶ 10; *see also* ECF No. 4-2. A Marshall University official told Vyas that the justification for the termination of his SEVIS record was "OTHER - Individual identified in criminal records check and/or has had their VISA revoked." Pl.'s Decl. ¶ 11; *see also* ECF No. 4-2. Marshall University informed him that he was subject to immigration enforcement and deportation if he did not leave the country. Pl.'s Decl. ¶ 12; *see also* ECF No. 4-2. He can no longer attend in-person classes and cannot apply for jobs in the United States pursuant to the Optional Practical Training program.[2] *Id.* ¶ 12.

Plaintiff brought claims under the Administrative Procedure Act (APA) and the Fifth Amendment. Compl. He emphasizes that federal regulations outline specific circumstances that constitute a failure to maintain status which would justify the SEVIS termination, and none of those circumstances are present here. *See* Compl. at 7-12; *see also* 8 C.F.R. § 214.1(e)-(g). Broadly, he argues that Defendants' actions were arbitrary and capricious, violated the agencies'

---

[1] SEVIS is a centralized online database, managed by the Department of Homeland Security (DHS), to track and monitor compliance of international students and the schools that host them. *See About SEVIS*, Study in the States, https://perma.cc/49RX-SHX5. Although the SEVIS record is not the same as a visa, Plaintiff argues that "[w]ith no SEVIS record, a school is forced to treat a student as one without lawful status" in order to ensure compliance with the federal regulations that allow American universities to enroll international students. Pl.'s Mem. at 4.

[2] Students admitted to the United States under the F-1 visa for nonimmigrant students may apply for Optional Practical Training (OPT), which if approved, enables them to remain in the United States to work in their field of study for an additional year, or in cases of STEM degrees up to three years, after completion of the course of study. *See* 8 C.F.R. § 214.2(f)(10)(ii).

own policies, and exceeded the agencies' statutory and regulatory authority and that Defendants took these actions without providing him notice and an opportunity to be heard.

## DISCUSSION

Plaintiff requests a temporary restraining order against Defendants. A plaintiff seeking such an order must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Frazier v. Prince George's County*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The Court finds that Plaintiff has met his burden. In doing so, this Court joins federal district courts across the country that have entered temporary restraining orders in similar cases. *See* ECF Nos. 4-4 through 11 (orders granting TROs in similar cases in Montana, Arizona, the District of Columbia, Minnesota, New York, Massachusetts, New Hampshire, and South Carolina).

The Court finds that Plaintiff is likely to succeed on his APA or procedural due process claim. At least, Vyas is likely to succeed on the merits of his claim that Defendants violated the APA when they terminated his F-1 status. The record before the Court suggests Defendants' actions were not in compliance with 8 C.F.R. § 214.1(d) and were arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *See* 5 U.S.C. § 706(2)(A). Government agencies are generally required to follow their own regulations. *See, e.g., United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954). The record before the Court suggests that no conduct by Vyas constituted a status violation and none of the other circumstances which might justify a termination were present. *See* 8 C.F.R. § 214.1(d) (providing that a non-citizen's nonimmigrant status may be terminated by the revocation of a waiver previously granted under 8 U.S.C. § 1182(d)(3) or (4), the introduction in Congress of a private bill to confer permanent

resident status, or the publication of a notice in the Federal Register identifying security, diplomatic, or public safety reasons for termination).

As to the second factor, Plaintiff's motion comes at a crucial juncture in his progress toward his degree. Less than three weeks from graduation from a two-year program, he faces a loss of academic progress in the absence of immediate relief. He cannot attend in-person classes due to the termination of his SEVIS record. He cannot apply for OPT, and he faces the threat of imminent deportation.

When a plaintiff seeks a temporary restraining order against the government, the final two factors merge. *Roe v. Dep't of Def.*, 947 F.3d 207, 230 (4th Cir. 2020), *as amended* (Jan. 14, 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). Here, Plaintiff stands to lose academic progress, and more, while Defendants face minimal risk of injury from temporary relief to maintain the status quo. As to the public interest, "the public undoubtedly has an interest in seeing its governmental institutions follow the law[.]" *Roe*, 947 F.3d at 230-31.

A court may issue a temporary restraining order without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). Here, Plaintiff's affidavit clearly shows that he faces immediate and irreparable injury from the loss of academic progress, and his attorney has certified her efforts to notify the adverse party of Plaintiff's motion. *See* ECF No. 6. Plaintiff's attorney exchanged emails with the Chief of the Civil Division for the United States Attorney's Office for the Southern District of West Virginia, and the United States Attorney's Office received electronic notification of filings. *See id.*

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Temporary Restraining Order, ECF No. 4. The Court waives the bond requirement under Rule 65(c). The Court **DIRECTS** that Defendants[3]: (a) restore Plaintiff's valid, active F-1 status in the SEVIS record; (b) restore Plaintiff's valid F-1 student status to the extent that such status has been terminated; and (c) process Plaintiff's request for OPT and process and award his Employment Authorization Document as would have occurred if Defendants had not engaged in the action described in the Complaint. Defendants shall file a notice of compliance with this Order before **noon on April 25, 2025**.

The Court further **DIRECTS** that Defendants are prohibited from arresting, detaining, or transferring Plaintiff out of this Court's jurisdiction, or ordering the arrest, detention, or transfer of Plaintiff out of this Court's jurisdiction, or initiating removal proceedings against or deporting the Plaintiff.

Due to the short notice to the United States, the Court will treat this temporary restraining order as one without notice and thus **SCHEDULES** an expedited preliminary injunction hearing at **10:00 a.m. on May 7, 2025** in Huntington. Plaintiff shall file his disclosure and supplemental brief in support **before 5:00 p.m. on April 29, 2025**. Defendants shall file their disclosure and brief **before 5:00 p.m. on May 2, 2025**. The disclosures must identify by name and position any witnesses expected to testify and present a brief summary of expected testimony.

---

[3] This Order binds Defendants' officers, agents, employees, attorneys, and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B). Fed. R. Civ. P. 65(d)(2).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties. To effectuate this Order, the Court further **DIRECTS** the Clerk's Office to send a copy of this Order to Marshall University's Office of International Student Services.

ENTER: April 23, 2025

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE