IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

SHIVAL NILESH VYAS,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:25-cv-00261

KRISTI NOEM,
in her official capacity as Secretary of the
U.S. Department of Homeland Security;
TODD LYONS,
in his official capacity as Acting Director of
U.S. Customs and Immigration Enforcement; and
PAMELA BONDI,
in her official capacity as Attorney General
of the United States,

        Defendants.

## MOTION TO ALTER OR AMEND
## MEMORANDUM OPINION AND ORDER (ECF NO. 7)

    Pursuant to Federal Rule of Civil Procedure 59(e), Defendants, by counsel, move to alter or amend the Memorandum Opinion and Order entered April 23, 2025, (ECF No. 7), to reflect that it is not directing the rescission of the U.S. Department of State's decision to revoke Plaintiff's F-1 visa and not directing the U.S. Department of Homeland Security to approve Plaintiff's application for Optional Practical Training, for the following reasons:

    1.    In its recent Memorandum Opinion and Order, the Court directed Defendants to carry out the following actions: "(a) restore Plaintiff's valid, active F-1 status in the SEVIS record; (b) restore Plaintiff's valid F-1 student status to the extent that such status has been terminated; and (c) process Plaintiff's request for OPT and process and award his Employment Authorization

Document as would have occurred if Defendants had not engaged in the action described in the Complaint." (ECF No. 7 at 5.)

2. To the extent any of these three directives requires the reinstatement of Plaintiff's F-1 visa, the Court lacks subject matter jurisdiction to order such action.

3. First, the Court lacks subject matter jurisdiction over any claim regarding Plaintiff's visa status because Congress specifically precluded judicial review of nonimmigrant visa revocations. *See* 8 U.S.C. § 1201(i).

4. Second, Plaintiff has not sued the U.S. Department of State, the entity that revoked Plaintiff's visa, so he lacks standing to bring a claim regarding the revocation.

5. Third, neither the Fifth Amendment nor the Administrative Procedure Act, the bases for Plaintiff's causes of action, saves any claim Plaintiff may be asserting—or gives the Court jurisdiction to act—in relation to Plaintiff's visa status.

6. The due process protections of the Fifth Amendment do not apply to Plaintiff's F-1 visa.

7. The Administrative Procedure Act does not provide subject matter jurisdiction over a claim based on agency action committed to agency discretion by law.

8. As such, there is no legal basis for an order directing the U.S. Department of State to take any action with regard to Plaintiff's F-1 visa.

9. Further, the Court lacks subject matter jurisdiction to direct the U.S. Department of Homeland Security's U.S. Citizenship and Immigration Services to make a specific ruling on Plaintiff's application for the Optional Training Program, i.e., "award his Employment Authorization Document," because Plaintiff's application has not been adjudicated in accordance with federal regulations.

Defendants will file a separate memorandum of law that will cite relevant legal authority in further support of this motion.

Therefore, Defendants request that the Memorandum Opinion and Order entered April 23, 2025, (ECF No. 7), be altered or amended to reflect that it is not directing the rescission of the U.S. Department of State's revocation of Plaintiff's F-1 visa and to eliminate the following language from part (c) of the Court's directives: "and award his Employment Authorization Document." Defendants request such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    LISA G. JOHNSTON
    Acting United States Attorney

    **s/Fred B. Westfall, Jr.**
    WV State Bar No. 3992
    Assistant United States Attorney
    Attorney for United States
    300 Virginia Street East, Room 4000
    Charleston, WV  25301
    Phone: 304-345-2200
    Fax: 304-347-5443
    E-mail: fred.westfall@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

SHIVAL NILESH VYAS,

        Plaintiff,

v.                              Civil Action No. 3:25-cv-00261

KRISTI NOEM,
in her official capacity as Secretary of the
U.S. Department of Homeland Security;
TODD LYONS,
in his official capacity as Acting Director of
U.S. Customs and Immigration Enforcement; and
PAMELA BONDI,
in her official capacity as Attorney General
of the United States,

        Defendants.

### CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2025, I electronically filed the foregoing *Motion to Alter or Amend Memorandum Opinion and Order (ECF No. 7)* with the Clerk of the Court using the CM/ECF system which will send notification to the following CM/ECF participants:

Aubrey Sparks
ACLU OF WEST VIRGINIA
1614 Kanawha Boulevard East
Charleston, WV 25311
301-302-6525
Email: asparks@acluwv.org

                                                  **s/Fred B. Westfall, Jr.**
                                                  WV State Bar No. 3992
                                                  Assistant United States Attorney
                                                  Attorney for United States
                                                  300 Virginia Street East, Room 4000
                                                  Charleston, WV  25301
                                                  Phone: 304-345-2200
                                                  Fax: 304-347-5443
                                                  E-mail: fred.westfall@usdoj.gov