IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

SHIVAL NILESH VYAS,

        Plaintiff,

v.                                            Civil Action No. 3:25-cv-00261

KRISTI NOEM,
in her official capacity as Secretary of the
U.S. Department of Homeland Security;
TODD LYONS,
in his official capacity as Acting Director of
U.S. Customs and Immigration Enforcement; and
PAMELA BONDI,
in her official capacity as Attorney General
of the United States,

        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER
OR AMEND MEMORANDUM OPINION AND ORDER (ECF NO. 7)**

On April 23, 2025, this Court granted Plaintiff's Motion for Temporary Restraining Order, (ECF No. 4), without a hearing or an opportunity to respond to the motion, and directed Defendants to carry out the following actions: "(a) restore Plaintiff's valid, active F-1 status in the SEVIS record; (b) restore Plaintiff's valid F-1 student status to the extent that such status has been terminated; and (c) process Plaintiff's request for OPT and process and award his Employment Authorization Document as would have occurred if Defendants had not engaged in the action described in the Complaint." (ECF No. 7 at 5.) Insofar as Congress has specifically precluded judicial review of nonimmigrant visa revocations and the U.S. Department of State, acting through Secretary Marco Rubio, is not a named Defendant in this suit, Defendants move to alter or amend the Memorandum Opinion and Order entered April 23, 2025, to reflect that it is not directing the

rescission of the U.S. Department of State's discretionary and unreviewable decision to revoke Plaintiff's F-1 visa. Further, because Plaintiff's application for Optional Practical Training ("OPT") has not been processed, i.e., not denied, Defendants move to alter or amend the Memorandum Opinion and Order entered April 23, 2025, to remove the language, "and award his Employment Authorization Document," from part (c), (*see id.*), as Plaintiff has no standing for that relief given that the Department of Homeland Security has not exercised its discretionary authority to rule upon Plaintiff's OPT application.

## DISCUSSION

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). *See also Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999). Rule 59(e) motions often are used to request modification of or amendment to language contained in an injunctive order. *See, e.g.*, *Scott v. Clarke*, 391 F. Supp. 3d 610, 619 (W.D. Va. 2019) (modifying injunction language following Rule 59(e) motion), *aff'd*, 852 F. App'x 727 (4th Cir. 2021); *United States v. Clarkson*, No. 8:05–2734–HMH–BHH, 2007 WL 2138618, at *1 (D.S.C. July 23, 2007) (same). Utilizing Rule 59(e) to request such an alteration or amendment "spar[es] the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Nevertheless, Defendants recognize that this is an "'extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright et al., *Federal Practice and*

*Procedure* § 2810.1, at 124 (2d ed. 1995)). But, here, it is appropriate to clarify that the Court is not directing actions over which it lacks subject matter jurisdiction.

The F-1 nonimmigrant student classification and Student and Exchange Visitor Information System ("SEVIS") will be discussed in more detail in Defendants' forthcoming brief. For purposes of this motion, however, suffice to say that the nonimmigrant student visa system is handled by multiple departments within the U.S. Government, including the Department of State and Department of Homeland Security, among others. Each department and subagency has discrete statutory and regulatory roles to play within the system. For example, the Department of State, through the Bureau of Consular Affairs, issues nonimmigrant visas. *See* 8 U.S.C. § 1201(a). The Secretary of State or a consular officer also may revoke a nonimmigrant visa after its issuance. *See id.* § 1201(i). Specific to nonimmigrant students with an F visa, the Department of Homeland Security, through the Student and Exchange Visitor Program contained within Immigration and Customs Enforcement, administrators SEVIS and manages the students while they are in the United States. *See Student and Exchange Visitor Program*, U.S. Immigr. & Customs Enforcement, https://www.ice.gov/sevis (last visited Apr. 24, 2025).

Additionally, pursuant to the Department of Homeland Security's regulations, students with F-1 status may "apply for authorization for temporary employment for practical training directly related to the student's major area of study." 8 C.F.R. § 214.2(f)(10)(ii)(A) (outlining the OPT program). The OPT application and approval process is set forth in 8 C.F.R. § 214.2(f)(11). Adjudication of a student's application is made based on the "[designated school official]'s recommendation and other eligibility considerations." *Id.* § 214.2(f)(11)(iii). As reflected in the OPT regulations, "[t]here are no mandatory requirements placed on the [U.S. Citizenship and Immigration Services ("USCIS")] and i[t] has discretion to allow, preclude, or restrict an F-1

3

student from working in the United States." *Liu v. U.S. Citizenship & Immigration Servs.*, No. 3:06-3255-CMC-JRM, 2008 WL 11429536, at *2 (D.S.C. Feb. 27, 2008), *report and recommendation adopted*, 2008 WL 11429537, at *1 (D.S.C. Mar. 14, 2008).

A.  **Plaintiff's F-1 Visa Status**

Although Plaintiff both recognizes in the Complaint the difference between "an F-1 visa and F-1 nonimmigrant student status" for purposes of SEVIS, (*see* ECF No. 1 ¶ 17), and does not name the Department of State as a Defendant in this matter, (*see id.* at 1), Defendants feel compelled out of an abundance of caution to file this motion and make clear that they do not have the authority—even if this Court had jurisdiction to hear the issue, which it does not—to rescind the revocation of Plaintiff's F-1 visa. The Court lacks subject matter jurisdiction over such a claim for multiple reasons.

First, the Court lacks subject matter jurisdiction over any claim regarding Plaintiff's visa status because Congress specifically precluded judicial review of nonimmigrant visa revocations. Title 8, U.S.C. § 1201(i) specifically states that there "shall be no means of judicial review" of visa revocations. As one district court explained, "Congress has taken it out of my hands. . . . I cannot address this argument because I lack subject matter jurisdiction over the case." *Bolante v. Achim*, 457 F. Supp. 2d 898, 902 (E.D. Wis. 2006). *See also Ruston v. U.S. Dep't of State*, 29 F. Supp. 2d 518 (E.D. Ark. 1998) (holding that the court lacked subject matter jurisdiction over an action for injunctive relief requesting the State Department to rescind the revocation of plaintiffs' temporary visas), *aff'd*, 187 F.3d 643 (8th Cir. 1999). The doctrine precluding reviewability of a visa revocation decision applies even if the visa is alleged to have been wrongfully revoked. *See Castellanos v. Pfizer, Inc.*, 555 F. Supp. 2d 1343, 1348–49 (S.D. Fla. 2008) ("[T]he [c]ourt is

without the power to review the revocation of visas by the State Department and its officers. *See* 8 U.S.C. § 1201(i).").

Second, the Court lacks subject matter jurisdiction with regard to Plaintiff's visa status because he has not sued the Department of State and, thus, lacks standing for such a claim. Constitutional standing requires: (1) injury in fact, (2) traceable to the challenged conduct of the *defendant*, and (3) likelihood that the injury is redressable by a favorable judicial decision. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Ali v. Hogan*, 26 F.4th 587, 595–96 (4th Cir. 2022). The Department of State revoked Plaintiff's student visa, as Plaintiff acknowledges, (*see* ECF No. 1 ¶ 22), but the Department of State is not a party to this lawsuit. Therefore, a favorable decision for Plaintiff as to any challenge to his F-1 visa status would not redress any harm from the purported visa revocation because the Department of State is not a party. *See Yerrapareddypeddireddy v. Albence*, No. CV-20-01476-PHX-DWL, 2021 WL 5324894, at *9 (D. Ariz. Nov. 16, 2021) (finding plaintiffs lacked standing to challenge their visa revocation because, in part, they failed to sue the Department of State, which "bears ultimate responsibility for the revocation of visas"), *aff'd*, 2022 WL 17484323, at *1 (9th Cir. Dec. 7, 2022).

Finally, Plaintiff brings this case under the Fifth Amendment and the Administrative Procedure Act ("APA"). (*See* ECF No. at 14–21.) Neither of these avenues for relief saves any claim Plaintiff may be asserting—or gives the Court jurisdiction to act—in relation to Plaintiff's visa status.

The due process protections of the Fifth Amendment do not apply to Plaintiff's F-1 visa. The Supreme Court has long recognized that "the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Dep't of State v. Munoz*, 602 U.S. 899, 907 (2024) (quoting *Trump*

5

*v. Hawaii*, 585 U.S. 667, 702 (2018)). And the Court has held noncitizens have "no constitutional right of entry to this country as a nonimmigrant or otherwise." *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972). Accordingly, courts across the country have held "[t]here is no constitutionally protected interest in either obtaining or continuing to possess a visa." *Louhghalam v. Trump*, 230 F. Supp. 3d 26, 35 (D. Mass. 2017). *See, e.g.*, *Shukhrat v. Secretary*, 634 F. App'x 880, 884 (3d Cir. 2015) (rejecting due process claim based on denial of visa); *Musunuru v. Lynch*, 831 F.3d 880, 891 (7th Cir. 2016) (holding no property interest in revoked visa petition); *Doe 1 v. U.S. Dep't of Homeland Sec.*, No. 2:20-cv-09654-VAP-AGRx, 2020 WL 6826200, at *4 (C.D. Cal. Nov. 20, 2020) (holding student athletes had no property interest in F-1 visas), *aff'd sub nom.*, *Does 1 through 16 v. U.S. Dep't of Homeland Sec.*, 843 F. App'x 849 (9th Cir. 2021). "A party who is unable to identify a property interest . . . cannot successfully assert a due process claim." *Maldonado-Guzman v. Sessions*, 715 F. App'x 277, 284 (4th Cir. 2017) (per curiam). Therefore, even if Plaintiff had standing to assert a claim regarding his visa's revocation, such a due process claim would fail because Plaintiff lacks a property interest in his F-1 visa. Similarly, the Fifth Amendment does not provide this Court with jurisdiction to take action as to Plaintiff's visa status.

Further, the APA does not give the Court jurisdiction to take action on Plaintiff's visa status because the Act provides subject matter jurisdiction only where a plaintiff asserts "that an agency failed to take a *discrete* agency action that it is *required to take*." *Lovo v. Miller*, 107 F.4th 199, 210 (4th Cir. 2024) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in original)); *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365–66 (4th Cir. 2021). The APA specifically provides that it does not apply to "the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Here, "[t]he federal regulations state that 'a

consular officer, the Secretary [of State], or a Department [of State] official to whom the Secretary has delegated this authority" is authorized to revoke a nonimmigrant visa "at any time, in his or her *discretion*.'" *Tarlinsky v. Pompeo*, No. 3:19-CV-659 (VLB), 2019 WL 2231908, at *5 (D. Conn. May 23, 2019) (emphasis added) (quoting 22 C.F.R. § 41.122). *See also* 8 U.S.C. § 1201(i) ("After the issuance of a visa . . . the Secretary of State may at any time, in his discretion, revoke such visa or other documentation."). In *Tarlinksy*, a non-immigrant challenged the revocation of her visa, but the court found it lacked jurisdiction because "the substantive decision to revoke a visa is unambiguously committed to the Secretary of State's discretion." 2019 WL 2231908, at *5. *See also Aldabbagh v. Sec'y of State*, No. 6:21-cv-53-GAP-EJK, 2021 WL 6298664, at *2 (M.D. Fla. Oct. 5, 2021) (finding no jurisdiction over revocation of visa); *Lee v. Johnson*, No. 15 C 9378, 2017 WL 1001574, at *4–5 (N.D. Ill. Mar. 15, 2017) (finding it lacked jurisdiction to review revocation of I-360 visa), *aff'd*, 878 F.3d 570 (7th Cir. 2017); *Mansur v. Albright*, 130 F. Supp. 2d 59, 61 (D.D.C. 2001) ("Without such statutory or regulatory limitation, there is no law to apply to the Secretary's discretionary revocation, and this court lacks jurisdiction to review the revocation . . . ."). The same conclusion would be demanded here.

**B.     Plaintiff's OPT Application**

The Court does not have subject matter jurisdiction at this posture to direct USCIS to "award [Plaintiff's] Employment Authorization Document . . . ." (ECF No. 7 at 5.) As discussed above, constitutional standing requires: (1) injury in fact, (2) traceable to the challenged conduct of the defendant, and (3) likelihood that the injury is redressable by a favorable judicial decision. *See Spokeo, Inc.*, 578 U.S. at 338; *Ali*, 26 F.4th at 595–96. Plaintiff himself concedes that although he "already submitted an application for [OPT]," that application has not been adjudicated. (*See* ECF No. 1 ¶ 21 ("If approved for OPT . . . .").) The discretionary decision to approve or deny OPT

7

employment authorization applications rests solely with USCIS. *See* 8 C.F.R. § 214.2(f)(11)(iii). There are specific bases on which USCIS may deny an application. *See generally id.* § 214.2(f)(10)(ii), (f)(11). *See also Iyer v. U.S. Citizenship & Immigration Servs.*, No. 1:22-cv-254 (RDA/JFA), 2023 WL 2088426, at *1–2, *7–8 (E.D. Va. Feb. 17, 2023) ("USCIS' decision to deny [plaintiff's] application [for OPT] comported with the relevant regulations and is entitled to deference."). Only if Plaintiff's application is denied may he be considered to have suffered an injury in fact required to have constitutional standing on this issue. Therefore, Defendants seek modification of the Court's recent order to remove language directing the Department of Homeland Security to make a specific ruling as to Plaintiff's OPT application. Specifically, Defendants move to eliminate the language, "and award his Employment Authorization Document," from part (c) of the Court's directives. (ECF No. 7 at 5.)

## CONCLUSION

For these reasons, Defendants seek an order altering or amending the Memorandum Opinion and Order of April 23, 2025, (ECF No. 7), to clarify that the Court is not directing the rescission of the U.S. Department of State's revocation of Plaintiff's F-1 visa and to remove the language, "and award his Employment Authorization Document," from part (c) of the Court's directives.

Respectfully submitted,

LISA G. JOHNSTON
Acting United States Attorney

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
300 Virginia Street East, Room 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

9