IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHIVAL NILESH VYAS,

           Plaintiff,

v.                                                  CIVIL ACTION NO. 3:25-0261

KRISTI NOEM,
in her official capacity as Secretary of the
U.S. Department of Homeland Security;
TODD LYONS,
in his official capacity as Acting Director of
U.S. Customs and Immigration Enforcement; and
PAMELA BONDI,
in her official capacity as Attorney General
of the United States,

           Defendants.

## AMENDMENT TO MEMORANDUM OPINION & ORDER

      Before the Court is Defendants' Motion to Alter or Amend Memorandum Opinion and Order (ECF No. 9). Defendants request that the Memorandum Opinion and Order "be altered or amended to reflect that it is not directing the rescission of the U.S. Department of State's revocation of Plaintiff's F-1 visa and to eliminate the following language from part (c) of the Court's directives: 'and award his Employment Authorization Document.'" The Court has considered Defendants' Memorandum in Support (Def.'s Mem., ECF No. 10) and Plaintiff's Response (Pl.'s Resp., ECF No. 15). Defendants did not file a Reply before the deadline. *See* ECF No. 14. Upon review, the Court **DENIES IN PART** and **GRANTS IN PART** Defendants' Motion.

On April 23, 2025, this Court granted Plaintiff's Motion for Temporary Restraining Order and ordered Defendants: "(a) restore Plaintiff's valid, active F-1 status in the SEVIS record; (b) restore Plaintiff's valid F-1 student status to the extent that such status has been terminated; and (c) process Plaintiff's request for OPT and process and award his Employment Authorization Document as would have occurred if Defendants had not engaged in the action described in the Complaint." ECF No. 7. "The Court further [directed] that Defendants are prohibited from arresting, detaining, or transferring Plaintiff out of this Court's jurisdiction, or ordering the arrest, detention, or transfer of Plaintiff out of this Court's jurisdiction, or initiating removal proceedings against or deporting the Plaintiff." *Id.*

Plaintiff, Defendants, and this Court recognize that there is a difference between an F-1 visa and F-1 student status. *See* Compl. ¶ 17; Def.'s Mem at 4; Pl's Resp. at 1-2. A Department of Homeland Security website explains the difference in very simple terms: "A student visa is a travel document you receive from a U.S. consulate or embassy before entering the United States. A student's status is what a person must maintain after they are granted entrance into the United States." *See* Frequently Asked Questions, *Study in the States*, https://perma.cc/JT92-EB2V. The Court plainly ordered Defendants to reinstate Plaintiff's status. No amendment or alteration is necessary to clarify that the Court did not order Defendants to reinstate a visa.

Defendants further request a clarification of the Court's order as to the Employment Authorization Document on the grounds that Plaintiff's request for OPT has not been processed and, therefore, his Employment Authorization Document cannot be awarded. Def.'s Mem. at 7-8. Defendants move to eliminate the language, "and award his Employment Authorization Document," from the Court's directive that Defendants "process Plaintiff's request for OPT and process and award his Employment Authorization Document as would have occurred if

Defendants had not engaged in the action described in the Complaint." Plaintiff consents to an alteration to this part of the Court's order. Plaintiff suggests the alternative language: "process Plaintiff's request for OPT and, if approved, process and award his Employment Authorization Document as would have occurred if Defendants had not engaged in the action described in the Complaint." Pl.'s Resp. at 2-3. Defendants did not raise any objection to this language in a reply brief.

The Court **GRANTS** Defendants' Motion insofar as the Court adopts Plaintiff's suggested language. Part (c) of the Court's April 23, 2025 Memorandum Opinion and Order is altered to state that Defendants must "process Plaintiff's request for OPT and, if approved, process and award his Employment Authorization Document as would have occurred if Defendants had not engaged in the action described in the Complaint."

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    April 30, 2025

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE