IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

SHIVAL NILESH VYAS,

        Plaintiff,

v.                                                                               Civil Action No. 3:25-cv-00261

KRISTI NOEM,
in her official capacity as Secretary of the
U.S. Department of Homeland Security;
TODD LYONS,
in his official capacity as Acting Director of
U.S. Customs and Immigration Enforcement; and
PAMELA BONDI,
in her official capacity as Attorney General
of the United States,

        Defendants.

## JOINT STIPULATION OF DISMISSAL

The Parties respectfully stipulate to the dismissal of the present action with prejudice, incorporating and subject to the following stipulations::

1. The Student and Exchange Visitor Information System ("SEVIS") record for Plaintiff in this case has been set back to "active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at U.S. Immigration and Customs Enforcement ("ICE").

2. The reactivation of Plaintiff's SEVIS record shall be considered retroactive to the date of its initial termination, such that there is no gap or lapse in Plaintiff's SEVIS record. Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.

3. To the extent Plaintiff is participating in Optional Practical Training ("OPT") or the STEM OPT extension or curricular practical training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT has been reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

4. ICE will not re-terminate Plaintiff's SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination at issue in this case, as described in the SEVIS policy announced April 26, 2025. However, ICE maintains the authority to terminate Plaintiff's SEVIS record for other reasons, such as if he fails to maintain his nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him removable from the United States under the Immigration and Nationality Act ("INA").

5. As stated in ICE's April 26, 2025, policy, "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a revocation can serve as a basis of removability under INA § 237(a)(1)(B)." A visa revocation that is effective upon departure rather than immediately does not establish removability under INA § 237(a)(1)(B), and therefore is not, in itself, a basis for termination of the SEVIS record under the new SEVIS policy.

6. Pursuant to INA § 221(i), notice of a visa revocation must be communicated to the Department of Homeland Security. DHS has not received any communication from the Department of State that the visa of Plaintiff in this action has been revoked with immediate effect.

7. The termination and reactivation of Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1, will not, in itself, have a negative impact on the adjudication of any benefit request

by United States Citizenship and Immigration Services ("USCIS"). If, while adjudicating any immigration benefit request, USCIS finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, USCIS will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures. Plaintiff is free to provide this stipulation to USCIS in conjunction with an application for a benefit request.

8. To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, Plaintiff shall, in the first instance, provide a copy of this stipulation to USCIS. If required after Plaintiff provides this stipulation to USCIS, counsel for Defendants agrees to cooperate with Plaintiff's counsel to ensure USCIS is aware of the terms of this dismissal in connection with its consideration or reconsideration of Plaintiff's benefits request.

9. Defendants shall communicate the terms of this dismissal to the Department of State within 30 days from the filing of this Joint Stipulation of Dismissal.

10. The parties stipulate and agree that the preliminary injunction and associated directives contained in the Court's Memorandum Opinion and Order of May 8, 2025, (ECF No. 30), expire with the filing of this Joint Stipulation Of Dismissal.

11. This civil action is dismissed with prejudice. The parties agree to bear their own attorney's fees and costs.

    Dated: July 30, 2025.

Respectfully submitted,


**/s/ Aubrey Sparks**
Aubrey Sparks (WV Bar # 13469)
American Civil Liberties Union of West Virginia
PO Box 3952
Charleston, WV 25339-3952
Phone: (304) 202-3435
asparks@acluwv.org
*Counsel for Plaintiff*


**LISA G. JOHNSTON**
**Acting United States Attorney**

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
300 Virginia Street East, Room 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov
*Counsel for Defendants*